## No. 17,610.

HENRY D. BENNETT, ET AL. *v.* WILBUR GARDNER.

(291 P. [2d] 705)

Decided December 19, 1955.

Mr. HERBERT E. MANN, Mr. W. A. E. MITCHELL, for. plaintiffs in error.

Mr. MAX SNYDAL, Mr. PAUL E. GARRISON, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

Wilbur Gardner, defendant in error, brought an action against Henry D. Bennett and Marjorie Bennett, husband and wife, who are plaintiffs in error. In his complaint Gardner alleged that in March, 1950, he and Henry D. Bennett entered into an oral agreement forming a partnership for the operation of a "combination farm and cattle business; that Gardner advanced to Henry D. Bennett the sum of $800 and machinery with which to farm"; that Henry D. Bennett exclusively operated said business, disposing of and making distribution and application of partnership funds as he saw fit; that expenses were to be borne equally between plaintiff and Henry D. Bennett, and that profits were to be equally divided between said parties. He further alleged that he had demanded an accounting from Henry D. Bennett and that this accounting had been refused; he alleged further, upon information and belief, that "any property held by the defendant Henry D. Bennett now may be held in the name of his wife, defendant Marjorie Bennett"; that from the partnership assets sold and unaccounted for there is "due Plaintiff the approximate sum of Five Thousand Dollars." He prayed for a dissolution of the partnership, the appointment of a receiver to "determine the disposition of the partnership assets * * * that said receiver be empowered and authorized to check the assets held by Plaintiffs and Defendants and to fully account for the same."

By answer defendants alleged that Gardner agreed to furnish a ranch, and all necessary machinery and livestock and that the parties would share equally the expenses of operation and divide equally the profits from "said contemplated joint venture." That subsequently Henry D. Bennett entered into a five year lease with one Mosco for certain lands in Washington County, Colorado, at an annual rental of one-half of all crops produced on said land and one-half of all offspring of cattle and ani-

mals and one-half of the gain in weight of animals raised on said property. That Gardner acquired the interest of Mosco in said lease; that Gardner did loan Henry D. Bennett $800 but did not furnish any livestock; that Henry D. Bennett, being an ex-service man, obtained a G.I. loan from a Credit Association in the sum of $4,680 and from the proceeds of said loan purchased the cattle which were kept and fed on the leased lands. It was further alleged that Henry D. Bennett was compelled to furnish farm and ranch machinery; that in April, 1952, plaintiff caused a written notice to be served on defendants to vacate the leased premises, and on a promise to furnish another ranch property for Henry D. Bennett, induced defendants to vacate said leased premises, but that plaintiff did not furnish another ranch, and that as a result Henry D. Bennett was required to and did sell his farm machinery at a loss of $940. Defendants alleged they had been damaged because of their having to vacate said leased premises, and that Gardner failed and refused to pay his share of farming operations, amounting to $838.47. By a cross-claim Henry D. Bennett sought $4,317.11 judgment against plaintiff, who put in issue the allegations of the cross-claim.

Plaintiff sought an order against Henry D. Bennett "to fully account to plaintiff herein and appointing a suitable person as a Special Master to supervise said accounting." No such Special Master was appointed. By court order Henry D. Bennett was required to produce and deliver in the District Court "any and all of the sales slips which he has in his possession or control pertaining to the sale of cattle, produce and grain produced" on the leased premises. To this order defendant Henry D. Bennett filed what he denominated a "response" stating that he did not have any of the sales slips and could not locate any of them. He furnished the original loan record of the Credit Association, showing all items of sales, charges and credits from April, 1950, to the closing of the loan on January 18, 1952. Trial was to the court in September,

1954, and on October 13, 1954, the trial judge entered his written findings and judgment. Therein the court found: "that plaintiff and Henry D. Bennett entered into a verbal agreement to share equally the expenses, profits and losses of the ranch operation; that Gardner would furnish the farm machinery then on the property and $800 to enable Henry D. Bennett to borrow certain money to carry on his part of the agreement; that Henry D. Bennett agreed to furnish the cattle and his work on the ranch. That Henry D. Bennett furnished the cattle, obtained thru the loan above mentioned, and that he failed to account concerning the "cattle aspect of the business and his accounting concerning other farm operations is not complete. All financial matters are known to and are in the control of defendant only."

The trial court found that the lease terminated March 1, 1952, and that the partnership was dissolved by mutual agreement. It was ordered that on or before November 17, 1954, defendants furnish the court all books of account and all records of every nature having to do with the said ranch and cattle operation specifying income, expense, profit or loss. Hearing in the case was continued to November 24, 1954. On November 16, 1954, counsel for defendants filed an "Analysis Summary Account" together with explanatory notes, and lodged with the court two books of account containing further data concerning the transactions between the parties.

On December 23, 1954, counsel for Gardner withdrew their motion previously made for judgment against defendants and filed a motion to require defendant to "fully account" to plaintiff for said ranch and cattle operations and for the appointment of a Special Master to supervise said accounting. Objections to this motion were filed. On hearing the court made additional findings and stated that defendants had failed to comply with the previous order to account, and that what had been filed as an accounting was "not the accounting ordered." The court's order recited that "Plaintiff then moved the court

to enter judgment as prayed in plaintiff's complaint since any other course of action appeared useless." The Findings and Order of November 24, 1954, were by reference included in this order. The court thereupon entered judgment as prayed for in the complaint against both defendants in the sum of $5,800 and costs. The defendants bring the cause here by writ of error.

For reversal it is urged that the trial court erred (1) in not dismissing the action as against the defendant Marjorie Bennett. (2) In rendering judgment against defendants in the sum of $5,800 because there is no evidence in the record to sustain the judgment as rendered. (3) That the trial judge failed to give due consideration to the evidence before him on the trial of the case. Other grounds are specified for reversal which we deem unnecessary to enumerate.

In the pleadings and by all the evidence, the so-called partnership agreement was solely between plaintiff and Henry D. Bennett. His wife, Marjorie Bennett, was not a partner and had no active participation in the operations under consideration. There was no allegation or proof that Marjorie Bennett was indebted to plaintiff in any sum, hence the judgment against her was without basis in law or fact, and it must be reversed.

In essence the case against Henry D. Bennett was one for an accounting. Trial was had, evidence taken before the court and on the trial it was incumbent on plaintiff to establish his case by a preponderance of the evidence. The record discloses that prior to trial the deposition of Henry D. Bennett was taken, and he was interrogated by counsel for plaintiff, but this deposition is not in the record.

Gardner's version of the partnership agreement and what actually happened pursuant thereto was that he caused a farm lease to be entered into between Henry D. Bennett and Mr. Mosco, under which Mosco the lessor, was to receive fifty per cent of all crops grown on the land, together with fifty per cent of the increase of

cattle and animals, plus fifty per cent of the increase in weight of cattle grazed and fed on the premises, and that the remainder of the crops and cattle after payment of the lessor's share, was to be divided equally between Gardner and Bennett, who was to operate the ranch. To say the' least this was an unusual arrangement, for actually Bennett furnished the cattle from the proceeds of a G. I. Loan. Bennett, by his evidence, denied that the cattle were embraced in the partnership agreement. He said that Gardner agreed to furnish cattle but failed to do so, and Bennett agreed that Gardner did advance $800, an admission of the allegation in plaintiff's complaint. In his complaint Gardner alleged a partnership for "the operation of a combination farm and cattle business and that he advanced Bennett $800 and machinery with which to farm."

While the court may not render a judgment based on speculation or guesswork, even where the defendant has prevented a more concise computation, the judge may make a just and reasonable estimate of the amount due based on relevant and competent evidence, and under such circumstance may act on probable and inferential as well as upon direct and positive proof. Even under this liberal rule the plaintiff will be required to present evidence of the amount due under the accounting, and the court cannot, without proof, assume that the amount due plaintiff is the sum named in his complaint. In the instant case the amount of plaintiff's demand was based on "information and belief" and hence the plaintiff must have had some information as to the amount due, else he would not have so alleged the amount for which he demanded judgment.

The judgment rendered is for the exact amount demanded in plaintiff's complaint, being a total of two amounts, viz: $800 advanced to Bennett "with which to farm" and $5,000 being, as alleged in the complaint, "the approximate sum" claimed by plaintiff on account of "assets sold and unaccounted for" by Bennett.

As we read this record, the trial judge arrived at this sum because he was dissatisfied with the accounting made by defendants, and upon what the court in its order recites as plaintiff's motion "to enter judgment as prayed in plaintiff's complaint since any other course of action appeared useless."

It was incumbent on plaintiff to establish his case by competent evidence to the satisfaction of the trial judge. This, he failed to do. The burden being on the plaintiff to prove his case, he is not, in the absence of proof, entitled to judgment because of his inability to establish what, if anything, is due him from the defendant.

The judgment rendered in this case is reversed and the cause remanded to the trial court with directions to enter judgment in favor of the defendant Marjorie Bennett and to vacate the judgment against Henry D. Bennett on the motion of plaintiff's counsel, and grant a new trial of the issues herein.